JOHN L. HOWLETT, Respondent, v. ELMO ERIE, Appellant.

St. Louis Court of Appeals, April 18, 1899.

Ordinance of City of Fourth Class Restraining Cows: REPLEVIN OF COW IMPOUNDED. In the case at bar the agreed statement of facts shows that the cow escaped without any negligence on the part of plaintiff; that due diligence was employed to overtake her. Held, that it is a matter of grave doubt whether plaintiff was liable for any costs before recovering her from the possession of the marshal; held, further, that upon an agreed statement of facts the burden of showing his right to recover rests upon the plaintiff.

*Appeal from the Mississippi Circuit Court.*—HON.
HENRY C. RILEY, Judge.

AFFIRMED.

RUSSELL & DEAL for respondent.

It is very questionable whether the ordinance is valid
or not. Johnson v. Daw, 53 Mo. App. 372. This law does
not, and was never intended to, apply to the milk cows of a
farmer residing three miles out in the country. Vail v. Rail-
way, 28 Mo. App. 378. When the escape is accidental or
unavoidable, as in this case, the law does not apply, even to
cattle kept in the city. And certainly not to those three
miles from the city. Spitler v. Young, 63 Mo. 42. There
must be some guilty intent or willful neglect before a party
can be made liable to the penalties imposed by such an ordi-
nance. Kinder v. Gillespie, 63 Ill. 88; Case v. Hall, 21 Ill.
632. There were no instructions asked or given in this case,
so that every presumption will be indulged by the court in
favor of the correctness of the finding of the trial court.
And if there are any facts to sustain the court's finding the
judgment will be upheld. Gentry v. Templeton, 47 Mo.
App. 55; Heman v. Handlan, 59 Mo. App. 490.

C. R. LOVE and W. C. RUSSELL appellant.

The only question presented by this record is whether
or not the cow was running at large within the meaning of
the ordinance which prohibits such animals running at large
between certain hours. It is agreed that the animal was
running at large at a time and in a place prohibited by the
ordinance, and that the defendant city marshal had fully
complied with the ordinance in regard to taking up said
animal. This being true, the defendant should have had
judgment. Sherrell v. Murray, 49 Mo. App. 233. The fact

that the animal escaped from plaintiff's pasture three miles in the country, through the carelessness of plaintiff's grown son, is no reason why the city marshal should not impound the animal when he found her running at large in the city of Charleston. Paris v. Hale, 35 S. W. Rep. p. 333. Plaintiff's son went into the pasture without his knowledge, but the presumption is that he went there with his consent, and plaintiff is the one who should suffer for the carelessness, and not the defendant, who had no means of knowing whose animal it was or how she escaped until long after he had incurred the trouble and expense of impounding her.

BOND, J.—This action of replevin for a cow was instituted before a justice, where plaintiff had judgment, and likewise on appeal in the circuit court, from which defendant appealed to this court. The case was tried upon the following agreed statement of facts:

"It is agreed by the plaintiff and defendant in the above entitled cause:

"1. That the plaintiff is the owner of the cow in controversy and was the owner at the time of the institution of this suit.

"2. That plaintiff is a resident of the city of Charleston.

"3. That at the time the cow was taken up and impounded by the defendant she was being milked by a servant of the plaintiff living on his farm three miles south of the city of Charleston.

"4. That on the morning of the 27th of August she was milked as usual and turned into a pasture on plaintiff's farm, and during the day she escaped therefrom through a gate left open by plaintiff's married and grown son, who resides with his own family in said city, who went into the pasture for the purpose of hauling a load of wood without the knowledge of plaintiff.

Howlett v. Erie.

"5.  That said cow wandered into the city of Charleston on the same day she escaped from plaintiff's pasture and was found running at large in the city of Charleston in a place prohibited by the ordinance of said city, between the hours of seven o'clock p. m. and seven o'clock a. m. and was taken up by the defendant and impounded in the city pound on the same day she escaped, at about nine o'clock p. m.

"6.  That as soon as it was learned that the cow had escaped plaintiff's servant went in search of her.

"7.  That on the same day, and before this suit was instituted, plaintiff found her in the city pound, and tendered fifty cents to the poundkeeper for her release, which was refused.

"8.  That suit was instituted on the 30th day of August, 1898, at one o'clock p. m.

"9.  That the cow in controversy had been milked and kept in the city of Charleston for four months about two years prior to the time she was impounded, but has since run on and about said farm, and has not since ever known to have been in said city.

"11.  That Charleston is a city of the fourth class and has an ordinance which prohibits cows giving milk from running at large upon any street, lane, alley, commons or other public place within the limits of the city between the hours of seven o'clock p. m. and seven o'clock a. m. and prohibits all other animals of the horse and mule kind, or goose, any cattle, hog or goat from running at large at any time.

"12.  That the ordinances of the city make it the duty of the city marshal to take up and confine in a secure pen or place provided by the board of aldermen for that purpose all animals found running at large in the places prohibited by the ordinances and retain the same until redeemed or sold.

"13.  That the owner of any such animal may redeem the same before the day of sale by paying the city marshal the cost of taking up the same.

Agreed statement of fact.

"14.   That the marshal, after taking up any cattle, must give not less than ten nor more than fifteen days' notice of the taking up by putting up three handbills in three public places in the city stating that he had taken up the same, describing the animal and stating the time, terms and place of sale of said animal, unless the same is redeemed before the day of sale by the payment to him of the costs already accrued.

"15.   That the marshal is entitled to the following fees in proper cases:   For the seizure of any cattle 25 cents each; for each day's detention of said animal 25 cents; for advertising sale, 10 cents.

"16.   That defendant is the marshal of the city of Charleston, and had taken up the cow and had fully complied with the provisions of the ordinances in regard to the taking up, and advertising the same, and had her in his possession in the city pound at the institution of this suit."

It is a familiar rule of law that an agreed statement of facts is tantamount to a special verdict finding the facts to be as shown in the agreed statement, and that the proper judgment to be rendered on such an agreed statement is a mere legal conclusion from the facts, hence the burden of showing his right to recover upon such statement rests upon the plaintiff.   According to the language of paragraph 15 of the above statement, the defendant marshal was entitled to twenty-five cents for the seizure of the cow in controversy and twenty-five cents for each day the animal was justly detained by him.   According to paragraph 5 of the above agreed statement, the cow was apprehended on the day of her escape.   According to paragraph 7 of said statement, plaintiff on the same day tendered fifty cents to defendant for her seizure and detention, which was refused.   Taking the literal import of the language of the agreed statement of facts it appears therefrom that plaintiff demanded his cow on the day of her escape.   According to the schedule of fees, which the statement shows the defendant marshal was entitled to

receive for impounding strays, he was entitled at the time plaintiff demanded the cow to receive the charge allowable for her seizure and one day's detention, or twenty-five cents plus twenty-five cents equal fifty cents, which was the exact amount tendered. Not being entitled "under the statement of the agreed facts" to any further charges, he should have surrendered the cow to plaintiff upon the tender of the fifty cents. As he did not do so it is clear on this record that plaintiff was entitled to recover possession of the cow.

Again, the agreed statement of facts clearly shows that the cow escaped without any negligence on the part of plaintiff; that she was kept on a farm of plaintiff more than three miles from the corporate limits of the town of Charleston, and escaped therefrom by reason of a gate being left open by a third party, without the knowledge or consent of the plaintiff; that after learning of her escape due diligence was employed to retake her. Under these circumstances it is a matter of grave doubt, according to the rule laid down in Spitler v. Young, 63 Mo. 42, whether plaintiff was liable for any costs before recovering her from the possession of the marshal. It is clear on this record that the judgment is for the right party. It will therefore be affirmed. All concur.